# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| JANET L. LUCK,<br><br>    Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | No. 16-CV-2102-LTS<br><br>**MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

## I.  INTRODUCTION

This case is before me on a Report & Recommendation (R&R) by the Honorable Kelly K.E. Mahoney, United States Magistrate Judge.  Doc. No. 18.  Judge Mahoney recommends that I reverse the decision of the Commissioner of Social Security and remand this case for benefits pursuant to sentence four of 42 U.S.C. § 405(g).  Neither party has objected to the R&R.  The deadline for such objections has expired.

## II.  APPLICABLE STANDARDS

### A.  *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole."  *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . .").  "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion."  *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003).  The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it

embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

To determine whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court "must search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

To evaluate the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court "find[s] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even if the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see also Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.

2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## B. Review of Report and Recommendation

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude

further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III.   THE R&R

Luck alleged disability due to alcoholism, obsessive compulsive disorder, bipolar disorder, depression, posttraumatic stress disorder (PTSD) and problems with her right hand.  AR 12, 137-41, 200.  In a 2012 decision, Administrative Law Judge (ALJ) Julie K. Bruntz found that Luck suffered from alcoholism, depression and a history of bipolar disorder and that her impairments met Listings 12.04 and 12.09.  AR 15.  However, the ALJ determined that Luck was not disabled because her alcoholism was a contributing factor material to a finding of disability, relying on several statements regarding Luck's condition while she was drinking versus while she was sober.  AR 19-20, 392, 443-47, 501, 692-94.  Additionally, the ALJ rejected the residual functional capacity (RFC) opinion of treating psychiatrist Dr. Muhammad Chowdhry.  AR 21.  This court[1] previously reversed and remanded the ALJ's decision with instructions for the ALJ to "provide clear reasons for accepting or rejecting Dr. Chowdhry's opinions" with support from evidence in the record (AR 697-99) and to "develop the record with regard to the relationship between Luck's alcohol abuse and mental impairments" (AR 695, 700).

Following remand, the ALJ issued a revised decision on April 13, 2015.  AR 560-77, 588.  Judge Mahoney summarized the new ALJ decision as follows:

> The ALJ determined that Luck suffered from three severe impairments: substance abuse, chronic liver disease, and affective disorder.  AR 562. Once again, the ALJ determined that Luck's impairments equaled the listings but that if she stopped abusing alcohol, they would not.  AR 565-66.  The ALJ found that in the absence of alcohol abuse, Luck would still suffer from severe impairments, but she would retain the RFC "to perform light work . . . except she should never climb ladders, ropes or scaffolds.

---

[1] The Honorable Jon S. Scoles, by consent (AR 676), then Chief United States Magistrate Judge for the Northern District of Iowa.

4

She should avoid moderate exposure to heights and dangerous machinery. She is limited to simple routine tasks with only short-lived superficial contact with coworkers, supervisors and the public." AR 566. The ALJ found that Luck suffered from marked limitations in concentration, persistence, and pace, but that without alcohol abuse, her limitations in that category would be moderate. [*Id.*]. The ALJ noted new evidence of Luck's activities of daily living and objective testing from one-time psychological examiner Dr. Carrie Spresser, performed in January 2015. AR 569, 572-75, 1229-34. The ALJ did not note much new evidence regarding the relationship between Luck's alcoholism and mental-health issues. *Compare* AR 18-21, *with* AR 566-76.

The ALJ again gave little weight to Dr. Chowdhry's opinion when determining RFC. AR 569-70. The ALJ supplemented her original reasons for discounting Dr. Chowdhry's opinion by stating that his opinion was inconsistent with the other evidence in the record. AR 570.

The ALJ gave some weight to the RFC opinion of Dr. Paul Conditt, who met with Luck for a psychological consultative examination in October 2014. AR 570-72, 1141-44. Dr. Conditt found Luck suffered from the following limitations:

1. As far as ability to understand instruction, procedures and locations, moderate impairment due to low IQ.
2. As far as ability to carry out instructions, maintain concentration and pace, severe impairment due to OCD symptoms. Her work is extremely slow.
3. As far as ability to interact appropriately with supervisors, co-workers, and the public, moderate impairment due to anxiety.
4. As far as ability to use good judgment and respond appropriately to changes in the work place, she has a long history of using poor judgment and she would not tolerate anything that interrupts her "doing things right."
5. As far as ability to handle funds, even though she has difficulty doing math, she said that she is capable of managing money.

AR 1144. The ALJ rejected Dr. Conditt's finding of a severe impairment in maintaining concentration and pace, stating that "the record shows that the claimant is able to work at an acceptable pace at simple, routine jobs

5

> (unskilled work) when she is not drinking." AR 572. The ALJ cited no evidence in support of this proposition. *Id.*
>
> The ALJ gave great weight to the RFC assessments of the state agency medical consultants. AR 576. In addition to the original state agency consultants' opinions, Dr. Scott Shafer and Dr. Myrna Tashner evaluated Luck's mental RFC in December 2013 and June 2014, respectively, in connection with an SSI application Luck filed while the SSI application at issue was pending appeal in this court. AR 660-72, 703-19. Dr. Shafer found that Luck suffered from affective disorder, and Dr. Tashner found that she suffered from affective disorder, anxiety, personality disorder, and substance addiction. AR 665, 711. They both found that she had mild difficulties maintaining social functioning and performing activities of daily living and that she had moderate difficulties in maintaining concentration, persistence, or pace (without analyzing her abilities without substance abuse). AR 666, 712. In most categories, Drs. Shafer and Tashner found Luck suffered from no limitations, but they did find her moderately limited in the following areas: ability to understand, remember, and carry out detailed instructions; ability to maintain attention and concentration for extended periods; and ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. AR 669-70, 715-16.
>
> The ALJ ultimately found that, based on Luck's RFC without substance abuse, Luck would be able to perform her past work as a house cleaner. AR 576. Therefore, for a second time, the ALJ found Luck not disabled. AR 576-77.

Doc. No. 18 at 4-6. Luck again sought review in this court, arguing that Dr. Chowdhry's opinion is entitled to controlling weight and that substantial evidence does not support the ALJ's determination of her RFC in the absence of alcohol abuse. Doc. No. 3.

Regarding the weight given Dr. Chowdhry's opinion, Judge Mahoney found that "substantial evidence supports the ALJ's determination that Dr. Chowdhry's opinion that Luck suffers from numerous extreme and marked limitations is inconsistent with Dr. Chowdhry's own treatment notes and the overall record. The ALJ could appropriately give Dr. Chowdhry's opinion little weight." Doc. No. 18 at 11. Turning to the support

6

of the evidence for Luck's RFC in the absence of alcohol abuse, Judge Mahoney evaluated the ALJ opinion as follows:

> In her new opinion, the ALJ relied on the same evidence that this court previously found insufficient. AR 19-20, 575-76. The ALJ added a sentence stating that she "is not persuaded that [Luck] had a severe impairment in her ability to carry out instructions, and maintain concentration and pace; the record shows that the claimant is able to work at an acceptable pace at simple, routine jobs (unskilled work) when she is not drinking." AR 572. The ALJ cited no evidence in support of this proposition and did not engage in any further analysis regarding Luck's ability to keep on pace while sober. Throughout her discussion of Luck's RFC absent alcohol abuse, the only new evidence cited by the ALJ that has any relation to Luck's alcoholism is that Luck testified at the second hearing (as she did at the first) that she functions much better when sober and that a November 2013 treatment note reflects under the heading "Intervention(s) Methods Provided/Client Response" that Luck and her therapist "talk[ed] about staying clean and sober and how important it is for her mental health." AR 568, 570, 1130. Luck undoubtedly functions better when not abusing alcohol; the question is whether her improvement in functioning is so great that she is no longer disabled. Two general statements that Luck's mental health improves with sobriety are not substantial evidence that Luck's limitations in performing at a consistent pace would not exist in the absence of her alcohol abuse. *See* AR 19, 6921-94 (this court previously determined that Luck's testimony that she functions better when not using alcohol is not substantial evidence of the ALJ's RFC determination absent alcoholism); *cf. Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir.2001) ("We also believe that the Commissioner erroneously relied too heavily on indications in the medical record that [claimant] was 'doing well,' because doing well for the purposes of a treatment program has no necessary relation to a claimant's ability to work or to her work-related functional capacity.").
>
> This conclusion is bolstered given that the ALJ noted that the last time the record reflects Luck drank alcohol was in May 2013 or 2014, yet she still suffered from problems with pace. AR 571, 1142. Luck told Dr. Conditt in October 2014 that she was working for her landlord part time cleaning and painting houses, but that the painting was taking longer than it should and that her landlord was very patient with her (Luck's landlord is also her friend and drove her to the appointment with Dr. Conditt). AR 1141-43. Luck further said that she was meticulous, which made her a good painter but slow. *Id*. The record also reflects Luck told a therapist

in August 2014 that she had suffered a panic attack when someone yelled at her about painting. AR 1152.

>Moreover, this court previously noted that "the record contains no opinion from a treating or examining doctor that absent alcohol use, Luck has only mild or moderate functional limitations," and remanded for a consultative examination to address this issue. AR 694-95, 699-700. The record still contains no medical opinion to support the ALJ's RFC determination of Luck's limitations absent alcohol abuse. Dr. Chowdhry, Luck's treating physician, opined that Luck would not be able to perform at a consistent pace without taking breaks, regardless of her alcohol abuse. AR 492, 494-95, 539, 694. Dr. Conditt, a consultative examiner, opined that Luck was severely limited in her ability to maintain concentration and pace due to her mental-health problems, adding that she would work slowly. AR 1144. Dr. Spresser found that Luck "may benefit from . . . taking frequent breaks while working." AR 1234. And Dr. Carroll Roland, a consultative examiner who met with Luck in November 2013, did not opine as to Luck's ability to keep on pace (although he did suggest her memory and concentration were only moderately limited at most). AR 1015-17. . . . The new RFC opinions from state agency consultants found that Luck suffers from only mild and moderate limitations (including moderate limitations in concentrating, paying attention, and performing at a consistent pace) and thus do not analyze separately her RFC without alcohol abuse. AR 666, 712.

Doc. No. 18 at 12-14. Because "the ALJ did not rely on evidence that Luck 'has demonstrated the ability to work during periods of sobriety,' " and "this court [had] previous[ly] determin[ed] that substantial evidence did not support the ALJ's RFC determination in the absence of alcohol abuse," Judge Mahoney found that the RFC was not supported by substantial evidence. Doc. No. 18 at 15. Judge Mahoney further found that a remand for award of benefits was appropriate, "as the record overwhelmingly supports a finding of disability." *Id.* at 16 (citing *Ingram v. Barnhart*, 303 F.3d 890, 895 (8th Cir. 2002) (because the ALJ's decision on remand "disregard[ed]" the court's prior holding, the court reversed for an award of benefits, noting that it did not want to provide the agency with yet another opportunity to further prolong this case," as a remand would do)).

8

## IV. DISCUSSION

Because the parties did not object to the R&R, I have reviewed it for clear error. I find no error—clear or otherwise—in Judge Mahoney's recommendation and therefore will adopt the R&R in its entirely. Judge Mahoney applied the appropriate legal standards for evaluating the treating source opinion and the ALJ's RFC. She correctly found that although the ALJ provided good reasons for discounting Dr. Chowdhry's opinion, the ALJ's ultimate RFC was not based on substantial evidence. I further agree with Judge Mahoney that (a) the record overwhelmingly supports a finding of disability and (b) there is no reason to give the Social Security Administration yet another opportunity to prolong (and potentially botch) this case. As such, reversal and remand for an immediate award of benefits is appropriate.

## V. CONCLUSION

For the reasons set forth herein:

1. I **accept** Judge Mahoney's R&R without modification. *See* 28 U.S.C. § 636(b)(1).

2. Pursuant to Judge Mahoney's recommendation:

   a. The Commissioner's determination that Janet L. Luck was not disabled is **reversed** and this matter is **remanded** to the Commissioner for an immediate award of benefits.

   b. Judgement shall enter in favor of Luck and against the Commissioner.

**IT IS SO ORDERED.**

**DATED** this 8th day of September, 2017.

                                                                _____
                                                                Leonard T. Strand, Chief Judge